## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| Herbert Lee Matthews, Jr., | ) | Civil Action No. 6:20-2272-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| U.S. Government, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that the complaint be dismissed without prejudice for failing to state a claim on which relief can be granted and that this action count as a "strike" pursuant to 28 U.S.C. § 1915(g). (Dkt. No. 19.) For the reasons set forth below, the Court adopts the R & R as the order of the Court to dismiss the complaint without prejudice and count the action as a "strike."

**I.    Background**

Plaintiff is a *pro se* incarcerated person alleging that the United States Government is using his bonds without his consent and that he is being used as a surety for a strawman to fraudulently secure the Government's debt. He contends that he is therefore being falsely imprisoned and seeks to have the criminal charges removed from his record as well as damages. (Dkt. No. 1 at 4-5.) He brought this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff was previously convicted by a jury for possession of a firearm during a violent crime and pled guilty to armed robbery and pointing or presenting a firearm. *See* Charleston Cnty. Public Index, Case Nos. K121946, K121947, K121948. The Magistrate Judge recommends that this action be dismissed without prejudice as frivolous, to which Plaintiff filed no objection.

-1-

**II.     Legal Standard**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews it to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**III.    Discussion**

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence a federal action without prepaying the administrative costs with proceeding with the lawsuit. The district court may dismiss such a complaint if it "fails to state a claim on which relief can be granted," is "frivolous or malicious," or "seeks monitory relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous where it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state acclaim when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). Dismissal may be *sua sponte* if the claim is based on a meritless legal theory. 28 U.S.C. § 1915(e)(2)(B).

The Court finds that the Magistrate Judge correctly concluded that the complaint is subject to dismissal as frivolous. Liberally construing the *pro se* litigant's pleading, it

nonetheless fails to raise a cognizable claim or valid factual allegations. Relatedly, Plaintiff appears to assert himself as a "sovereign citizen" who believes" that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 Fed. Appx. 105, 106 n.1 (2d Cir. 2013); *see also Presley v. Prodan*, No. 3:12-cv-3511-CMC-JDA, 2013 WL 1342465, at *2 (D.S.C. Mar. 11, 2013). Courts routinely rejected as baseless the "sovereign citizen" theory. *See, e.g.*, *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status . . . as a 'sovereign citizen' . . . that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (explaining claim by party that he was "outside" the jurisdiction of the United States to be "completely without merit" and "patently frivolous" and rejecting it "without expending any more of this Court's resources on their discussion"); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing the "sovereign citizen" theory as having "no conceivable validity in American law"); *United States v. Chatman*, No. 4:17-cv-01556-RBH, 2017 WL 3676587 (D.S.C. Aug. 25, 2017), *appeal dismissed sub nom.*, 716 Fed. Appx 204 (4th Cir. 2018); *Glover v. South Carolina*, No. 5:16-cv-00969-JMC, 2017 WL 1836982, at *1 (D.S.C. May 8, 2017), *appeal dismissed sub nom.*, 700 Fed. Appx 306 (4th Cir. 2017).

### IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 19) as the order of the Court. The complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process. This action counts as a strike pursuant to 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED.**

-4-

s/ Richard Mark Gergel

Richard Mark Gergel
United States District Judge

November 2, 2020
Charleston, South Carolina